
FILED

2010 JAN 11 P 4:32

CLERK...
ALEX...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| U. S. GATES INTERNATIONAL LLC d/b/a Light Star Travel, <br><br>Address: 20407 Cabana Drive <br>Germantown, MD 20876 <br><br>**Plaintiff** <br><br>v. <br><br>**LIGHT STAR TRAVEL AGENCY, INC.** <br><br>SERVE: Musab Mushtaha <br>Registered Agent <br>5040 Cliffhaven Drive <br>Annandale, VA 22003 <br><br>**FAWAZ F. MUSHTAHA** <br><br>K.S.A. Jeddah <br>Sary Street <br>East Madinah Road <br>P. O. Box 107778 <br>Jeddah 21443 <br><br>**MUSAB MUSHTAHA** <br>5040 Cliffhaven Drive <br>Annandale, VA 22003 <br><br>**Defendants** | Civil Action 1:10 CV 32 <br>JCC/JFA |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF, AND FALSE ADVERTISING

U.S. GATES INTERNATIONAL, LLC, the Plaintiff herein, having its principal place of business at 20407 Cabana Drive, Germantown, MD 20876, files this Complaint against LIGHT STAR TRAVEL AGENCY, INC., a Virginia corporation having its principal place of business at 5040 Cliffhaven Drive, Annandale, VA 22003, FAWAZ F. MUSHTAHA, K.S.A. Jeddah, Sary Street, East Madinah Road, P.O. Box 107778, Jeddah 21443, Saudi Arabia, and MUSAB MUSHTAHA, 5040 Cliffhaven Drive, Annandale, Virginia 22003, Defendants herein, as follows:

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.;* 15 U.S.C. § 1114(a); unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) against Defendant Light Star Travel Agency, Inc. ("Defendant Light Star"), Defendant Fawaz Mushtaha ("Defendant Fawaz"), and Defendant Musab Mushtaha ("Defendant Musab").

2. This action arises out of Defendants' infringement of Plaintiff's famous registered trademark consisting of a shadow star with the text *LIGHT STAR TRAVEL,* (hereinafter also referred to as "Plaintiff's mark") in their marketing and promotion of tourism from the United States to Saudi Arabia and other places in the world through the unauthorized use of Plaintiff's mark in their travel agency services, their websites, advertising, brochures, and in making reservations and bookings for transportation.

2

## Facts

3. Plaintiff is engaged in the business of operating a U.S. travel agency and providing travel agency services, primarily by marketing and promoting travel by Moslems residing in the United States to Mecca, an annual pilgrimage known as the *Hajj*. Plaintiff arranges for the issuance of visas which are issued to these travelers by the Embassy of Saudi Arabia in Washington, D.C. Plaintiff also arranges packages for air travel and hotel accommodations for U.S. travelers embarking on this pilgrimage.

4. Once travelers arrive in Saudi Arabia, Defendants' ground facility services, in conjunction with the Ministry of Tourism and other Saudi government agencies, arrange for further services for these travelers, including providing local transportation and hotel accommodations.

5. Plaintiff uses its famous registered trademark consisting of a shadow star with the text *LIGHT STAR TRAVEL* in its marketing and promotion of tourism from the United States to Saudi Arabia and other places in the world. Plaintiff's mark has been extensively and continually advertised and promoted by it within the United States and worldwide on its website, stationary, advertising, brochures, bookings for transportation and lodging, and in communications with other travel agencies and with the Embassy of Saudi Arabia in Washington, D. C. Substantial amounts of time, effort and money have been expended by Plaintiff to ensure that the general public associates this mark exclusively with Plaintiff and its services. During fiscal year 2009 alone, Plaintiff expended in excess of $100,000 in marketing, advertising and promoting services using its trademark. This mark has acquired an extraordinary degree of

consumer recognition in the minds of the relevant public, and it enjoys tremendous goodwill and has become an asset of incalculable value as a symbol of Plaintiff's services.

6. Plaintiff's business grew out of a fledgling operation originally run by Defendant Fawaz in the United States. Plaintiff acquired this operation, the mark, and the goodwill associated with the mark and the operation in October, 2007 after Defendant Fawaz decided to leave the United States market in favor of concentrating on developing ground facility services in Saudi Arabia for U.S. travelers to Mecca. In consideration for conveying the business and transferring the mark and the associated goodwill to it, Plaintiff agreed to, and did, pay Defendant a cash amount, as well as all fees and moneys required to reinstate and maintain Defendant Light Star as a corporation in the State of Virginia, and undertook to build Plaintiff's United States travel agency into the successful business that it is today.

7. Plaintiff on April 23, 2008 filed an application for, and on June 23, 2009 obtained, registration on the Principal Register of registration No. 3,641,992 the Service Mark consisting of a shadow star with text *LIGHT STAR TRAVEL* (See Exhibit "A"). This mark is owned by Plaintiff U.S. GATES INTERNATIONAL LLC, DBA LIGHT STAR TRAVEL.

8. Plaintiff has since October, 2007 continued to use the mark substantially, continuously, and exclusively in U.S. Commerce with its travel agency business.

9. Defendants had full knowledge of Plaintiff's efforts to register its mark when

Plaintiff filed its Application with the U.S. Trademark Office on April 23, 2008. Defendants did not object to registration of the mark as the mark of Plaintiff U.S. Gates International, LLC dba Light Star Travel. Nor did any of the Defendants file any opposition to the mark when it was published for opposition in the Official Gazette on April 7, 2009.

10. Plaintiff in due course established its own travel agency in the United States and stopped using the facilities of Defendant Light Star.

11. Recognizing the success that Plaintiff had in building up its business in the United States, Defendants sought to trade on Plaintiff's success by intruding on Plaintiff's business and good will as symbolized by the trademark and its registration thereof. On or around July 1, 2009 Defendant Musab, at the direction of and in conspiracy with Defendant Fawaz, his father, without the authorization or consent of Plaintiff, began to provide travel agency services in the United States that promoted travel by Moslems residing in the United States to Saudi Arabia in the *Hajj* season using Plaintiff's mark. Operating from Defendant Light Star's facilities, Defendant Musab, at the direction of and in conspiracy with Defendant Fawaz, sought to freeze Plaintiff out of the business that Plaintiff had developed in the United States. Defendants unabashedly used Plaintiff's mark in connection with their services in the United States in their stationery, letters and other communications to customers and travel agencies, in circulars, in advertising, and on their web pages on the Internet (See Exhibits "B" and "C" for samples of Defendants' advertising and web pages). Defendants also falsely represented to officials in the Saudi Arabian Embassy, and to others, that they were

authorized to use Plaintiff's mark.

12. Plaintiff made two written requests to Defendants to cease and desist their infringement of Plaintiff's mark, the first dated November 5, 2009 and the second dated December 28, 2009 (See Exhibits "D" and "E"). Defendants have refused, and have continued with their willful infringement of Plaintiff's mark, despite Defendants' knowledge that such use infringes Plaintiff's rights in its trademark.

13. Defendants Light Star and Musab filed a Petition with the Trademark Trial and Appeal Board, United States Trademark Office, to cancel Registration 3,641,992, notice of which was mailed to Plaintiff on December 31, 2009.

## The Parties

14. Plaintiff U.S. Gates International LLC DBA Light Star Travel ("Gates") is a Maryland Limited Liability Company located at 20407 Cabana Drive, Germantown, MD. Its Managing Member is Taha Alashi. Gates is involved with travel and travel related Services, and currently owns and operates its business *LIGHT STAR TRAVEL.*

15. Upon information and belief, Defendant Light Star Travel Agency, Inc. is a Virginia corporation located at 5040 Cliffhaven Drive, Annandale, VA 22003.

16. Upon information and belief, Defendant Fawaz Mushtaha is a resident of Saudi Arabia. A past president of Defendant Light Star, Defendant Fawaz is alleged to have ties to *Hamas* and had been named as an unindicted co-conspirator in a federal indictment which had been filed in the Northern District of Texas. He left the United

6

States in May, 2004 and became a permanent resident of Saudi Arabia. On information and belief, Defendant Fawaz currently controls Defendant Light Star through Musab Mushtaha, his son, who currently resides in the United States.

17. Defendant Musab Mushtaha resides at 5040 Cliffhaven Drive, Annandale, VA 22003. Fronting for his father in various businesses, he is actively involved in a conspiracy with Defendant Fawaz to freeze Plaintiff out of the United States market by infringing on Plaintiff's mark and by taking advantage of the good will associated with that mark.

## Jurisdiction and Venue

18. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this district is proper inasmuch as Defendants have solicited and conducted business within the Commonwealth of Virginia via their receipt of passports with visas for their customers, their processing and booking of reservations in Virginia for air travel and hotels for their customers, and their infringement of Plaintiff's trademark in Virginia. Likewise, jurisdiction is also appropriate under Virginia's long arm statute, VA Code § 8.01-328.1, because Defendants regularly do or solicit business in the Commonwealth of Virginia. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2).

## Trademark Infringement

19. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-18 of the Complaint.

20. Plaintiff is the owner of Reg. No. 3,641,992 registered on June 23, 2009. This is a Service Mark consisting of a shadow star with the text *"LIGHT STAR TRAVEL"* (See Exhibit "A"). This certificate of registration is valid and subsisting, and is *prima facie* evidence of the validity of the registration, the Registrant's ownership of the mark, and the Registrant's exclusive right to use the mark in connection with the service specified under the provisions of 15 U.S.C. § 1057(b). This certificate also provides constructive notice of the Registrant's claim of ownership under 15 U.S.C. § 1072.

21. The name and mark have been exclusively and continuously advertised and promoted by Plaintiff and its predecessor within the United States. Substantial amounts of time, effort and money have been expended over the years ensuring that the general public associates the mark exclusively with Plaintiff and its services.

22. Plaintiff has been vigilant in protecting its interests in this mark. By virtue of the worldwide recognition and use of this mark, it has acquired a high degree of consumer recognition in the minds of the relevant public that uses the service associated with the mark. Through widespread and favorable public acceptance and recognition, this mark enjoys tremendous goodwill and has become an asset of incalculable value.

23. Defendants' use in U.S. commerce of Plaintiff's mark is likely to cause confusion, to cause mistake, or to deceive members of the public into believing that

Plaintiff has sponsored or authorized Defendants' use of Plaintiff's shadow star with the text "*LIGHT STAR TRAVEL*".

24. Through their use of the name "*LIGHT STAR TRAVEL AGENCY, INC.*" Defendants infringe and seek to trade off the good will associated with Plaintiff's mark.

25. Defendants' willful actions (1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; (2) constitute a false designation of Defendants' goods or services by passing them off as being associated with Plaintiff; (3) suggest a non-existent connection with Plaintiff; (4) suggest that Plaintiff has sponsored, licensed or approved of Defendants' services or business; and/or (5) could cause the mark to become generic in the eyes of the general public and destroy the origin-identifying function of the mark.

26. Defendants' aforementioned acts constitute willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

27. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of money damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

28. The acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

29. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies, including compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## Unfair Competition, False Designation of Origin, Passing Off, and False Advertising

30. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-29 of the Complaint.

31. Plaintiff's mark is distinctive and has become associated with Plaintiff and thus exclusively identifies Plaintiff's business and services.

32. Defendants' willful actions (1) suggest that Plaintiff has sponsored, licensed or approved of Defendants' services or business; and/or (2) could cause the mark to become generic in the eyes of the general public and destroy the origin-identifying function of the mark.

33. Defendants' aforementioned acts and conduct constitute false designation of origin, passing off and false advertising in connection with goods and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of money damages alone cannot fully compensate Plaintiff for its injuries and

Plaintiff lacks an adequate remedy at law.

35. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies, including compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

WHEREFORE. Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their officers, agents, servants, employees, and attorneys, be permanently enjoined from using Plaintiff's mark in connection with their promotion, marketing, advertising, letters and other communications, written or oral, to customers, other travel agencies, officials in the Saudi Embassy in Washington, D.C., and government officials and government agencies in Saudi Arabia;

(2) That Defendants, their officers, agents, servants, employees, and attorneys, be permanently enjoined from blurring, passing off or falsely designating the origin of Plaintiff's mark, and from injuring Plaintiff's goodwill and reputation;

(3) That Defendants, their officers, agents, servants, employees, and attorneys, be permanently enjoined from doing any other thing to induce the belief that Defendants' business or services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff;

(4) That Plaintiff recover its actual damages sustained as a result of Defendants' wrongful actions;

(5) That Plaintiff recover Defendants' profits made as a result of Defendants' wrongful actions;

(6) That Plaintiff recover three times Defendants' profits made as a result of Defendants' wrongful actions or three times Plaintiff's damages, whichever is greater;

(7) That this case be deemed an exceptional case under 15 U.S.C. § 1117(a) and (b);

(8) That Plaintiff be awarded exemplary damages;

(9) That Plaintiff recover its costs; and

(10) That Plaintiff recover such further relief to which it is entitled.

Respectfully submitted,

U.S. GATES INTERNATIONAL LLC
d/b/a LIGHT STAR TRAVEL

By _____
Taha Alashi, Managing Member

DECLARATION

I, Taha Alashi, Managing Member of Plaintiff U.S. Gates International LLC d/b/a Light Star Travel, declare under the penalties of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 11 Jan 2010

_____
Taha Alashi

*[signature]*

William A. Zeitler, Esq.
VSB #06334
Law Offices of William Zeitler
Suite 900
8200 Greensboro Drive
McLean, Virginia 22102
Tel. (703) 647-6031
Fax (703) 462-5459
Cell (703) 943-6653
E-mail: will.zeitler@gte.net

*Counsel for Plaintiff*

*[signature]*

Robert J. Flynn, Jr., Esq.
Attorney at Law
1629 K Street, N.W. Suite 300
Washington, D.C. 20006
Tel. (202) 463-0062

*Of Counsel*