UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| U.S.GATES INTERNATIONAL, LLC : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 1:10CV32 |
| : | JCC/JFA |
| MUSAB MUSHTAHA, et al. : | |
| : | |
| Defendants. : | |

## COUNTERCLAIM FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF AND FALSE ADVERTISING

COMES NOW, Defendant/Counterclaim Plaintiff Light Star Travel Agency, Inc., a Virginia Corporation, by counsel and states the following as its Counterclaim against Plaintiff/Counterclaim Defendant U.S. Gates International, LLC, a Maryland Limited Liability Company.

1. This Court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338. Additionally this Counterclaim is brought pursuant to Rule 13, Rules of Civil Procedure.

2. Defendant/Counter Plaintiff Light Star Travel Agency, Inc., (hereinafter Light Star) is a Virginia Corporation in existence since 1993.

3. Fawaz F. Mushtaha was the founder and has been the sole shareholder of the corporation.

4. U.S. Gates International, LLC (hereinafter called U.S. Gates) is a Maryland Limited Liability Company organized and solely owned by Taha Alashi.

5. In 1993 Light Star began using the trade name and trademark Light Star Travel and the Light Star logo comprising a Shadow Star followed by the words "Light Star Travel." (Hereinafter the Light Star Marks)

6. During the period of 2007, Mr. Alashi came to work for Light Star and worked for Light Star for about two years. Mr. Alashi was discharged for being dishonest in his dealings with Light Star.

7. Following his dismissal from Light Star. Alashi, through his company U.S. Gates International, LLC, filed an application in the United States Patent and Trademark Office (USPTO Serial No. 77455670)to register the Light Star logo, falsely claiming that U.S. Gates was the owner of the mark and that no one else had the right to use the mark in commerce.

8. Alashi falsely claimed that U.S. Gates had been using the Light Star logo since March, 1993.

9. Since at least as early as 1993 Light Star has been engaged in the business of providing travel and related services to Moslems residing in the United States who wish to travel to Mecca, Saudi Arabia to attend the Hajj. Light Star procures necessary visas for such travel from the Saudi Arabia Embassy and supplies air travel and hotel accommodations for such travelers.

10. Fawaz Mushtaha who resides in Saudi Arabia works with the various Saudi government agencies in arranging such Visa and travel accommodations.

11. Musab Mushtaha is currently president of Light Star Travel Agency, Inc.

12. Light Star, which developed the well known Light Star logo has used the Light Star Marks in its advertising materials; in its marketing; in its dealing with governmental

agencies both within and outside the United States; in its dealings with air carriers, hotels and other service providers, and its customers.

13. Light Star has spent substantial money, time and effort in promoting its services using the Light Star Mark. The general public and those who work with Light Star in its business of providing services identify Light Star Marks with Light Star and the services it provides.

14. Since 1993, Light Star has used Light Star marks continuously in its business and has generated a high degree of consumer acceptance and recognition in the minds of the relevant public and the business and government agencies with whom Light Star has worked.

15. The Light Star marks developed by Light Star enjoys a great deal of goodwill and are a valuable asset to Light Star.

16. U.S. Gates has wrongfully used the Light Star Marks in its business which is nearly identical to the business of Light Star. U.S. Gates has attempted to use the Light Star Marks in its dealing with the Saudi Arabia Embassy and with others.

17. As soon as Light Star became aware that U.S. Gates was using its Light Star logo and had obtained a Federal trademark registration for the Light Star Logo, Light Star filed a Petition to Cancel with the Trademark Trial and Appeal Board, United States Trademark Office to cancel the registration obtained by U.S. Gates. (Cancellation No. 92051918)

## COUNT I – UNFAIR COMPETITION/PASSING OFF
## 15 U.S.C. §1125

18. All allegations in paragraphs 1-18 are incorporated into Count I.

19. U.S. Gates, through its owner Taha Alashi knew that Light Star had developed the Light Star logo, a distinctive mark of a Shadow star followed by the words "Light Star Travel" in 1993 and has used that mark in its business since 1993. Light Star is the sole owner of the Light Star logo, and U.S. Gates knew that.

20. US Gates use of the Light Star logo is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of U.S. Gates with Light Star, or as to the origin, sponsorship or approval of U.S. Gates services by Light Star.

21. The use of the distinctive mark Light Star logo belonging to Light Star by U.S. Gates, in connection with the U.S. Gates' travel services it provides is an attempt by U.S. Gates to cause confusion, cause mistake and to deceive persons into believing that U.S. Gates is affiliated, connected or associated with the travel business conducted by Light Star from 1993 to the present.

22. As a result of the use by U.S. Gates of the distinctive mark Light Star logo belonging to Light Star, Light Star has suffered damages by taking travel business away from Light Star by deceiving customers, suppliers and governmental agencies into believing that U.S. Gates is affiliated with, connected with, or associated with Light Star.

23. U.S. Gates knew that its use of the Light Star logo was intended to cause confusion, mistake and deceive persons into believing that U.S. Gates was affiliated, connected or associated with Light Star.

24. Such actions by U.S. Gates constitutes violation of 15 U.S.C. §1125.

25. The injury to Light Star by misuse of its Light Star logo mark continues to be ongoing and is irreparable. An award of money damages alone will not fully compensate

Light Star for its ongoing injuries, and Light Star is entitled to injunctive relief against the use of the mark by U.S. Gates.

Wherefore, Defendant/Counter Plaintiff Light Star Travel Agency, Inc. prays for judgment against U.S. Gates International, LLC as follows:

(1) That Light Star recover all damages sustained as a result of the misuse of its mark by U.S. Gates, to include all profits made by U.S. Gates through wrongful actions and all costs of this action.

(2) That the court award three times the amount of the actual damages suffered by Light Star pursuant to 15 U.S.C. 1117(a).

(3) That the Court award attorneys fees to Light Star.

(4) That the Court enjoin U.S. Gates, its owners, officers or agents from using the mark described as a Shadow Star followed by the words "Light Star Travel".

(5) Such further relief as is reasonable and equitable.

### COUNT II – CANCELLATION OF REGISTRATION

26. All allegations in paragraphs 1-24 are incorporated into Count II.

27. In registering the Light Star mark, U.S. Gates was required to declare under oath certain material facts, including the date of the applicant's first use of the mark; that the applicant is the owner of the mark; and that no other person has the right to use the mark.

28. U.S. Gates in its application falsely stated that it had first used the mark in 1993. In fact U.S. Gates began using the mark in 2007 or later.

29. U.S. Gates in its application stated that it was the owner of the mark, when it knew that Light Star was the owner of the mark and had been using the mark continuously since 1993.

5

30. U.S. Gates in its application stated that to the best of their knowledge and belief no one else had a right to use the mark in commerce. U.S. Gates knew that when Mr. Alashi went to work for Light Star that Light Star had developed the mark and had used it in commerce since 1993.

31. U.S. Gates' failure to set out the facts as stated above in paragraphs 27, 28 and 29 constituted the perpetration of a fraud on the United States Patent and Trademark Office.

WHEREFORE, Light Star prays that the court cancel the registration of the Light Star trademark (Registration No. 3641992).

Respectfully requested,

**Light Star Travel Agency, Inc.**
By Counsel

Dated:

Douglas E. Bywater, Esq.
Kathryn D. Bigus, Esq.
Counsel for Defendants
Virginia State Bar No. 9137 (DEB)
Virginia State Bar No. 65272 (KDB)
TATE, BYWATER & FULLER, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Tel. (703) 938-5100
Fax (703) 255-1097
debywater@tatebywater.com

## Certificate of Service

I hereby certify that on the 26 day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William A. Zeitler, Esq.
Virginia State Bar No. 6334
Law Offices of William A. Zeitler
Counsel for Plaintiff
8200 Greensboro Drive, Suite 900
McLean, VA  22102
Tel. (703) 647-6031
Fax (703) 462-5459
Email: will.zeitler@gte.net


I hereby certify that on the 26 day of February 2010, a true copy of the foregoing was sent, via first class mail, postage prepaid, and facsimile to the following:

William A. Zeitler, Esq.
8200 Greensboro Drive, Suite 900
McLean, VA  22102
Fax (703) 462-5459

_____
Kathryn D. Bigus, Esq. (VSB# 65272)