IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| US GATES INTERNATIONAL, LLC,     )<br>                                  )<br>     Plaintiff,                   )<br>                                  )<br>          v.                     )     1:10cv32 (JCC/JFA)<br>                                  )<br>LIGHT STAR TRAVEL AGENCY,         )<br>INC., *et al.*,                   )<br>                                  )<br>     Defendants.                  )  | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on the Plaintiff's Motion for Reconsideration (the "Motion") [Dkt. 75].  For the following reasons, the Court will deny Plaintiff's Motion.

### I.  Background

#### A.   Factual Background

The facts of this case are familiar to the Court and are recounted in detail in the findings of fact in this Court's November 8, 2010 Memorandum Opinion (the "Opinion").  This case arose from the disputed conveyance of Light Star Travel Agency, Inc. ("LSTAI") and its trademark (the "Mark").  Plaintiff US Gates International, LLC ("UGI"), alleged that Defendant Fawaz Mushtaha ("F. Mushtaha") conveyed LSTAI and the Mark to Plaintiff, after which Defendants used the Mark.  Plaintiff alleged trademark infringement, false designation of origin,

1

passing off, and false advertising.  Defendants counterclaimed for trademark infringement, unfair competition, passing off, false advertising, and cancellation of Plaintiff's registration of the Mark.

### B.   Procedural Background

On November 8, 2010, following a bench trial, this Court issued an Order entering judgment in favor of Defendants as to each of Plaintiff's claims and Defendant's counterclaims. [Dkt. 69.]  On November 30, 2010, Plaintiff filed a timely Motion for Reconsideration.[1]  [Dkt. 75.]  On December 3, 2010, Defendants filed an Opposition to the Motion.  [Dkt. 77.]  On December 8, 2010, Plaintiff filed a Reply to Defendants' Opposition (the "Reply").  [Dkt. 79.]  Plaintiff's Motion is now before the Court.

## II.  Standard of Review

Plaintiff does not cite any Federal Rule of Civil Procedure pursuant to which it moves this Court for "reconsideration."  According to the authority cited by Plaintiff in its brief, "[a] motion to reconsider, *more accurately called a motion to alter or amend a judgment*, serves the limited purpose of allowing a court to correct manifest errors of law or fact."  *Calderon v. Reno*, 56 F. Supp. 2d 997,

---

[1] Defendants argued in their Opposition [Dkt. 77] that Plaintiff's Motion was untimely.  Rule 59(e), however, provides that a party may file a motion to alter or amend a judgment within 28 days of the entry of judgment.  Plaintiff filed its Motion within 28 days of the Court's November 8 Order.

998 (N.D. Ill. 1999) (emphasis added).  Motions to alter or amend a judgment are governed by Federal Rule of Civil Procedure 59.

The Fourth Circuit has made it clear that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted).  A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id*. (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

### III.  Analysis

Plaintiff makes four arguments in favor of altering or amending the judgment: (1) that there is no evidence in the record that LSTAI owned the Mark as of October, 2007; (2) the evidence that F. Mushtaha conveyed is interest in the Mark to Plaintiff is unrebutted; (3) transfer of LSTAI's stock was not necessary to convey F. Mushtaha's interest in the Mark; and (4) the Court should have drawn adverse inferences from F. Mushtaha's failure to appear and testify at trial.  The Court will address each of these in turn.

    A.   <u>No Evidence that LSTAI Owned the Mark</u>

Plaintiff first argues that there is no evidence in the record that LSTAI owned the Mark as of October, 2007. Specifically, Plaintiff argues (1) that there is no evidence that F. Mushtaha transferred the Mark to LSTAI and (2) that LSTAI abandoned the Mark due to non-use between 2004 and 2007.  (Mot.[2] at 3.)

With respect to the argument that there is no evidence that F. Mushtaha transferred the Mark to LSTAI, Plaintiff did not raise this argument at trial.  Plaintiff did not dispute LSTAI's ownership of the Mark, and the parties' Stipulated Facts [Dkt. 47] state that F. Mushtaha organized LSTAI in 1993 and that "[a]s part of the organization, [F.] Mushtaha developed [the Mark]."  (Stip. ¶¶ 5-6.)  Plaintiff did not dispute LSTAI's

---

[2] Plainitff's Memorandum of Points and Authorities in Support of its Motion [Dkt. 74] will be referred to as "Mot."

4

ownership of the Mark at trial; on the contrary, the basis of Plaintiff's claim was that the parties came to an agreement whereby Plaintiff purchased LSTAI, along with its assets.  For instance, in response to his counsel's question to "state specifically . . . what the parties agreed to in [the] agreement," (at 23:20-21, Sept. 14, 2010), Plaintiff's representative Mr. Alashi described the agreement as follows:

> [F. Mushtaha] said, you -- because I asked him, Okay, I'm owning the Light Star.  What I'm owning exactly?  He said, Light Star has nothing but visas and the capacity of visas for Light Star, and that's it.  And, of course, Light Star has the goodwill of the trademark and the trade name which will be associated with the company.

(Alashi at 48:11-18, Sept. 14, 2010.)  Moreover, the Court found that F. Mushtaha operated LSTAI using the Mark from 1993 until 2004.  (Mem. Op. at 5) (citing M. Mushtaha at 173:25-174:2, Sept. 15, 2010; Alashi at 89:5-7, Sept. 14, 2010.)  The Court found this and other evidence sufficient to establish LSTAI's common law ownership of the Mark.  (Mem. Op. at 21-22.)

As to LSTAI's abandonment of the Mark, Plaintiff did not raise this argument at trial.  A search of the trial transcript reveals only one reference to abandonment, in Defendants' opening statement asserting that LSTAI did *not* abandon the Mark.  (Defendants' Opening Statement, 18:7, Sept. 14, 2010.)  Moreover, although Plaintiff argues that three years non-use raised a presumption of abandonment under 15 U.S.C. §

1127, this Court found that "LSTAI was inactive for the two-year period from 2005 to 2006," (Mem. Op. at 5) (citing M. Mushtaha at 194:10-13, Sept. 15, 2010.), and that "LSTAI again conducted business using the mark since 2007." *Id.* (citing Alashi at 48:11-18, Sept. 14, 2010.)  Indeed, the testimony cited by Plaintiff in support of its abandonment argument does not contradict this.  (Mot. at 3) (citing M. Mushtaha at 156:7-22, Sept. 15, 2010.)

In its Reply, Plaintiff argues that the evidence of abandonment was newly discovered, stating that it could not have anticipated M. Mushtaha's trial testimony of the period of non-use.  (Reply at 2.)  Even assuming the evidence shows what Plaintiff alleges it shows (which it does not), to support a motion for reconsideration based on newly discovered evidence, "the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the [trial], but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *3 (E.D. Va. Mar. 30, 2007) (quoting *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)).[3]  Here, to the extent M. Mushtaha's testimony was unanticipated, it was known *at* trial, not newly

---

[3] *Boryan* addressed a Rule 60 motion, but the Fourth Circuit standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under Rule 59 or Rule 60. *United States Fidelity & Guaranty Co. v. Lawrenson,* 334 F.2d 464, 475 n.2 (4th Cir. 1964).

discovered after trial, and, in any event, Plaintiff has made no showing that it could not have discovered and produced the evidence.

For the reasons set forth above, this argument does not raise one of the three "very narrow circumstances" set forth in *Hill*, but is rather Plaintiff's disagreement with the Court's findings.

> B.  **The Evidence of F. Mushtaha's Conveyance is Unrebutted**

Plaintiff next argues that the evidence of F. Mushtaha's conveyance of the Mark was unrebutted, outlining various pieces of evidence it argues support its claim for ownership of the Mark.  (Mot. at 5-6.)  This argument does not assert one of *Hill* circumstances; it does not assert an intervening change in controlling law, new evidence not available at trial, or any error of law or manifest injustice. *Hill*, 277 F.3d at 708.  Rather, Plaintiff's argument is, essentially, that it disagrees with the Court's findings that the Mark was not conveyed to Plaintiff.  For the same reasons set forth in the Opinion, the Court again finds Plaintiff's argument unavailing.

> C.  **Transfer of LSTAI's Stock was Not Necessary to Convey the Mark**

Plaintiff next argues that the transfer of LSTAI's stock was not a necessary prerequisite to the transfer of the

Mark.  (Mot. at 6-7.)  Specifically, Plaintiff takes issue with the Court's view that Plaintiff claimed ownership of the Mark through ownership of LSTAI.  *Id*.  Plaintiff argues that a trademark can be conveyed in gross, *i.e.*, without the concurrent conveyance of the entity that owns the mark, and the parties formed an agreement to convey the Mark independent of the conveyance of the business.  *Id*.

Plaintiff's argument that a trademark can be conveyed independent of the stock or of the tangible assets of a corporation is well and good, but irrelevant here.  For Plaintiff's argument that the trademark was transferred independent of LSTAI's stock to illustrate an error of law, Plaintiff would have had to prove an agreement to assign, in gross, the trademark from LSTAI to Plaintiff.  Plaintiff did not do so, nor did it attempt to do so.  Plaintiff alleged *one* agreement that, according to Plaintiff's allegations, would transfer "the business," *i.e.*, LSTAI, along with the Mark and its other assets.  Plaintiff did not allege two agreements, one for the business and one for the Mark, but one all-encompassing transaction, agreed to by Mr. Alashi, on behalf of UGI, and F. Mushtaha, as representative of LSTAI.  *See, e.g.*, Plaintiff's Opening Statement at 5:10-11, 7:14-17, Sept. 14, 2010 ("This case is about the conveyance of a U.S. Business"; "The parties reached an agreement on September 30th, 2007. Defendant Fawaz

Mushtaha would convey Light Star Travel Agency, the mark, and the goodwill associated with that mark to plaintiff."); Alashi at 25:16-17, Sept. 14, 2010 ("[F. Mushtaha] said, you -- because I asked him, Okay, I'm owning the Light Star.  What I'm [sic] owning exactly?  He said, Light Star has nothing but visas and the capacity of visas for Light Star, and . . . the goodwill of the trademark and the trade name.")  The Court, for the reasons set forth in the Opinion, found insufficient evidence to find that Plaintiff carried its burden of proving such an agreement. It declines to revisit the issue here; this argument, again, does not assert one of *Hill* circumstances, but a novel theory not presented at trial.  Accordingly, the Court finds this argument unavailing.

        D.    <u>The Court Should Have Drawn Adverse Inferences from F. Mushtaha's Failure to Appear and Testify</u>

Plaintiff's final argument in favor of altering or amending the judgment is that this Court should have drawn adverse inferences from F. Mushtaha's failure to testify.  (Mot. at 9-10.)  Plaintiff cites no authority for this argument.  This argument, once again, does not assert one of *Hill* circumstances, but is essentially an assertion that Plaintiff disagreed with the Court's findings.

As the Fourth Circuit has stated, "the trial court has broad discretion to permit [a finder of fact] to draw adverse inferences from a party's failure to present evidence." *Vodusek*

9

*v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *see also* 2A Charles Allen Wright & Arthur R. Miller, Fed. Prac. & Proc. Crim. § 489 (4th ed. 2010).  The Court inquired as to F. Mushtaha's failure to appear, (Defendants' Closing Argument at 258:22-259:20), and considered of his absence.  The Court came to its ruling for the reasons set forth in its Opinion and will not reiterate those here.  As Plaintiff's argument is not one of the *Hill* circumstances, the Court will not grant the Motion on this ground.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| December 22, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |