```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


US GATES INTERNATIONAL, LLC,    )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:10cv32 (JCC/JFA)
                                )
LIGHT STAR TRAVEL AGENCY,       )
INC., et al.,                   )
                                )
     Defendants.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Petition for Attorneys' Fees (the "Petition") [Dkt. 70]. For the following reasons, the Court will deny Defendants' Petition.

**I. Background**

A. Factual Background

The facts of this case are familiar to the Court and are recounted in detail in the findings of fact in this Court's November 8, 2010 Memorandum Opinion (the "Opinion"). This case arose from the disputed conveyance of Light Star Travel Agency, Inc. ("LSTAI") and its trademark (the "Mark"). Plaintiff US Gates International, LLC ("UGI"), alleged that Defendant Fawaz Mushtaha ("F. Mushtaha") conveyed LSTAI and the Mark to Plaintiff, after which Defendants used the Mark. Plaintiff alleged trademark infringement, false designation of origin,

passing off, and false advertising.  Defendants counterclaimed for trademark infringement, unfair competition, passing off, false advertising, and cancellation of Plaintiff's registration of the Mark.

     B.    <u>Procedural Background</u>

On November 8, 2010, following a bench trial, this Court issued an Order entering judgment in favor of Defendants as to each of Plaintiff's claims and Defendants' counterclaims. [Dkt. 69.]  In that Order, the Court directed Defendants, pursuant to 15 U.S.C. § 1117(a), to submit a petition for reasonable attorneys' fees.  On November 12, 2010, Defendants filed such a Petition. [Dkt. 70.]  On November 21, 2010, Plaintiff filed an Opposition to the Motion.  [Dkt. 73.] Defendants' Petition is now before the Court.

## II.  Standard of Review

The Lanham Act permits the award of "reasonable attorney fees to the prevailing party" only in "exceptional cases."  15 U.S.C. § 1117(a); *see also Retail Servs. v. Freebies Publ'g*, 364 F.3d 535, 550 (4th Cir. 2004).  An "exceptional case" is one where a party's conduct was "malicious, fraudulent, willful[1] or deliberate in nature."  *Retail Servs.*, 364 F.3d at

---

[1] "It is also important to note that 'willfulness' means more than simply that the act of infringement was 'done voluntarily and intentionally and not because of accident or other innocent reason.'" *In re Outsidewall Tire Litig.*, --- F.Supp.2d ----, No. 1:09cv1217, 2010 WL 4263395, at *3 (E.D. Va., Oct. 28, 2010) (quoting *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l Inc.*, 951 F.2d 684, 697 (5th Cir. 1992)).

550 (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001)).

In the Fourth Circuit, a case is "exceptional" only if the party seeking attorneys also can prove something more, with "a dual standard of proof upon prevailing plaintiffs and defendants." *Id*. A prevailing plaintiff seeking attorney fees "must demonstrate 'that the defendant acted in bad faith,'" *Id*. (quoting *Scotch Whisky Ass'n v. Majestic Distilling Co.*, 958 F.2d 594, 599 (4th Cir. 1992)), while a prevailing defendant must show "something less than bad faith" on the part of the plaintiff.[2] *Id*. (quoting *Scotch Whisky*, 958 F.2d at 599; *accord Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526 (1985)). Courts are to consider factors such as "economic coercion, groundless arguments, and failure to cite controlling law" when judging a plaintiff's--or counterclaim plaintiff's--conduct when the defendant prevails and seeks attorneys' fees.[3] *Retail Servs.*, 364 F.3d at 550 (citing *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000)). Factors to be considered by a court in

---

[2] This Court joins the Court in *PBM Products, LLC v. Mead Johnson & Co.*, No. 3:09-CV-269, 2010 WL 723739, at *7 n.2 (E.D. Va. Mar. 2, 2010) in noting that *Scotch Whisky's* dual standard was called into doubt by dicta in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 525 n.12 (1994). The dual standard, however, has not been overruled and has been used by this Court in *PBM Products* and other cases. Because Defendants have not made the lower threshold showing here, the continuing vitality of the *Scotch Whisky* standard is not relevant here.

[3] Defendants are both prevailing defendants and counterclaim plaintiffs. Defendants did not specify from which posture they move this Court for attorneys' fees. Accordingly, the Court will address whether they would be entitled to fees even under the lower, prevailing defendant standard.

determining whether exceptional circumstances exist include the closeness of the case, tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fairer allocation of the burdens of litigation between winner and loser. *Flexible Benefits Council v. Feltman*, No. 08-cv-371, 2009 WL 1351653, at *4 (E.D. Va. May 14, 2009).

Thus, the focus of the inquiry "tends to be on the plaintiff's litigation conduct or pre-litigation assertion of rights." *Retail Servs.*, 364 F.3d at 550-51. Importantly, the prevailing party "bears the burden of demonstrating the exceptional nature of the case by clear and convincing evidence." *Outsidewall Tire Litig.* --- F.Supp.2d ----, No. 1:09cv1217, 2010 WL 4263395, at *3 (E.D. Va., Oct. 28, 2010) (citations omitted). Moreover, even after the party seeking attorneys' fees has proven the case to be exceptional and that the opposing party acted with the requisite "something more," the award of attorneys' fees under the Lanham Act is not to be made "as a matter of course, but rather as a matter of the court's considered discretion." *Ale House Mgmt., Inc.,* 205 F.3d at 144.

### III. Analysis

Defendants argue this case merits an award of attorneys' fees, because Plaintiff "surreptitiously" registered the Mark and then used the instant suit in an effort to harm

4

Defendants. (Pet.[4] at 3.) Plaintiff counters that it reasonably believed it owned the Mark and that it reasonably conducted the litigation, having a "good faith belief" in the "soundness" of its position. This Court will address these arguments in turn, and then determine, in light of the entire case, whether the claims and assertions were so lacking in merit that the action as a whole was "exceptional." *See Retail Servs.*, Inc., 364 F.3d at 551.

Defendants do not point to particular actions of Plaintiff or any particular portions of the record in support of their Petition. The basis of their petition appears to be that Mr. Alashi, Plaintiff's representative, registered the Mark when he knew Plaintiff did not own the Mark and without authority from Defendants to do so--he did not claim he was mistaken in doing so, or that he mistakenly used a mark belonging to another. (Pet. at 2.) The Court sees this case as primarily one concerning whether the parties came to an agreement to transfer a business, thereby transferring the Mark, as alleged by Plaintiff. For the reasons set forth in the Court's Opinion, the Court ruled in favor of Defendants. This Court, however, does not find Plaintiff's claim frivolous; indeed, the Court found that Mr. Alashi and LSTAI entered into a business association. (Mem. Op. ¶ 32.) That the Court found this association did not provide for the transfer of LSTAI and the

---

[4] Defendants Petition [Dkt. 70] will be referred to as "Pet."

Mark does not convert Plaintiff's argument into something approaching bad faith. None of the factors courts are to consider in evaluating a prevailing defendant's fee petition, such as economic coercion, groundless arguments, and failure to cite controlling law, are present here. Moreover, a review of recent cases from this Circuit addressing attorneys' fees awards under the Lanham Act shows that fees are awarded when there is some conduct beyond the litigation of a plausible, though ultimately unavailing, legal claim. *See, e.g.*, *San Francisco Oven, LLC v. Fransmart, Inc.*, 222 F. App'x 235, 237 (4th Cir. 2007) (finding the losing party brought a Lanham Act claim solely to avoid a dismissal for lack of subject matter jurisdiction and that it pursued this claim without any factual or legal support); *Flexible Benefits Council*, 2009 WL 1351653 at *4 (finding that a party admitted that they created an infringing website address with an intent to obtain the plaintiff's profits); *Outsidewall Tire Litig.*, 2010 WL 4263395, at *4 (finding that the infringing party thought they could continue infringing with impunity because they thought the prevailing party "would die or run out of money first"). Plaintiff here litigated a plausible, good faith claim. The claims and assertions were not so lacking in merit that the action as a whole was "exceptional."

Even if the Court found this to be an exceptional case, the Court would exercise its discretion and not award attorneys' fees. As this Court has stated, it is clear that Congress did not contemplate that the award of attorney's fees will become an ordinary in Lanham Act suits.[5] *Employers Council of Flexible Comp. v. Feltman*, No. 1:08cv371, 2010 WL 186457, at *10 (E.D. Va. Jan. 13, 2010) (quoting *MercExchange, LLC v. eBay, Inc.*, 521 F. Supp. 2d 526, 528 (E.D. Va. 2007). "Rather, the purpose of [section 1117(a)] is to 'provide discretion where it would be grossly unjust that the winner be left to bear the burden of its own counsel which prevailing litigants normally bear.'" *Id*. "Attorney's fees are an extraordinary remedy applied only in those exceptional cases in which the Court finds, in its discretion, that they are warranted." *Id*. This is not one of those cases. The parties disputed whether they agreed to transfer a business and its assets, and the Court found the evidence to show no such agreement existed. This is not a case in which it would be grossly unjust that the winner be left to bear the burden of its own counsel. Ultimately, the record shows nothing exceptional in this case.

---

[5] "Congress employed identical language in 35 U.S.C. § 285, governing attorneys' fees in patent infringement actions, and in 15 U.S.C. § 1117(a) []. Given the parallel language, courts apply the same standards in both cases." *Employers Council of Flexible Comp.*, 2010 WL 186457, at *2, n.1 (citation omitted).

## IV. Conclusion

For these reasons, the Court will deny Defendants' Petition for Attorneys' Fees.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| December 22, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |